UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON, | Case No. 1:23-cv-00211-JLT-SAB |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS |
| v. | |
| CITY OF MENDOTA POLICE CHIEF, et al., | (Docs. 12, 14, 15, 17) |
| Defendants. | |

Benjamin Karl Ray Bunton, a Montana state prisoner (BR-7892) proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 13, 2023. (Doc. 1.) The magistrate judge screened the complaint, determined it did not state a cognizable claim, and directed Plaintiff to file an amended complaint. (Doc. 9.) Plaintiff filed a first amended complaint. (Doc. 12.) On May 22, 2023, the magistrate screened the first amended complaint and determined Plaintiff stated cognizable claims under the First and Fourth Amendments but no other claims. (Doc. 14.) Plaintiff was directed to either file a second amended complaint or a notice stating he wished to proceed on the cognizable claims. On June 12, 2023, Plaintiff filed a notice stating he wished to proceed on the cognizable claims. (Doc. 15.)

On June 16, 2023, the magistrate judge issued findings and recommendations, recommending that this action proceed on Plaintiff's First and Fourth Amendment claims against

1

Defendants Mendota Police Officer Renteria, Building Inspector/City Manager Christian Gonzalez, and the City of Mendota Chief of Police, and that all other claims be dismissed as barred by the statute of limitations[1] and/or for failure to state a claim.  (Doc. 17.)  The Court granted Plaintiff 14 days in which to file objections to the findings and recommendations.  The deadline to file objections has passed and no objections have been filed.

According to 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case.  Having carefully reviewed the matter, the Court finds the findings and recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

1. The findings and recommendations dated June 16, 2023 (Doc. 17), are **ADOPTED IN FULL**.
2. All of Plaintiff's claims arising from incidents occurring in 2012 are **DISMISSED**, without leave to amend, as barred by the applicable statutes of limitations.
3. This action **SHALL PROCEED** on the following claims asserted in the first amended complaint (Doc. 12):
    a) First Amendment retaliation claims against Defendant Renteria for questioning Plaintiff at his job and following him around in May 2022; and against Defendants Gonzalez and the Police Chief for their alleged harassment, search, and detainment of Plaintiff in August and October 2022.
    b) Fourth Amendment claims for unreasonable search and seizure against Defendants Gonzalez and the Police Chief in August 2022 and October 2022; and

---

[1] The findings and recommendations indicate that the applicable statute of limitations is one year, when in fact it is two years. (*See* Doc. 17 at 9.) The statute of limitations for claims under 42 U.S.C. § 1983 is "the personal injury statute of limitations of the state which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). In California, the statute of limitations for personal injury claim is two years. *Id*. Regardless, the math still does not favor Plaintiff with regard to his claims arising from incidents that occurred in 2012, because the two-year limitations period expired well before Plaintiff filed his lawsuit.

      c)      Fourth Amendment claims for excessive use of force against Defendants Gonzalez and the Police Chief for their actions in August 2022 and October 2022; and against Defendants Gonzalez and Renteria for their actions on or around November 18, 2022.

4.    All other potential claims are **DISMISSED** for failure to state a claim.

IT IS SO ORDERED.

Dated: __**July 13, 2023**__

UNITED STATES DISTRICT JUDGE