1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BENJAMIN KARL RAY BUNTON,

      Plaintiff,

    v.

CITY OF MENDOTA POLICE CHIEF, et al.,

      Defendants.

Case No.  1:23-cv-00211-SAB

ORDER GRANTING MOTION TO AMEND; ORDER TO FILE SECOND AMENDED COMPLAINT

(ECF No. 19)

**DEADLINE: 30 DAYS**

20
21
22
23
24
25
26
27
28

      Plaintiff Benjamin Karl Ray Bunton ("Plaintiff"), a Montana state prisoner (BR-7892) proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 13, 2023.  (ECF No. 1.)  The Court screened the complaint, determined it did not state a cognizable claim, and directed Plaintiff to file an amended complaint.  (ECF No. 9.)

      On March 27, 2023, Plaintiff filed a first amended complaint ("FAC").  (ECF No. 12.)  The FAC was screened and found to state cognizable claims under the First and Fourth Amendments.  (ECF No. 14.)  Specifically, the Court found Plaintiff alleged sufficient facts to state: (1) First Amendment retaliation claims against (a) Defendant Renteria for questioning Plaintiff at his job and following him around in May 2022; and (b) against Defendants Gonzalez

1

and the Police Chief for their alleged harassment, search, and detainment of Plaintiff in August and October 2022; (2) Fourth Amendment claims for unreasonable search and seizure against Defendants Gonzalez and the Police Chief in August 2022 and October 2022; and (3) Fourth Amendment claims for excessive use of force against (a) Defendants Gonzalez and the Police Chief for their actions in August 2022 and October 2022; and (b) against Defendants Gonzalez and Renteria for their actions on or around November 18, 2022. (Id. at 21.) However, the Court found the complaint failed to state any other claims. Accordingly, Plaintiff was ordered to file either a second amended complaint or notice of intent to proceed on the cognizable claims within thirty days. (Id. at 22.)

On June 12, 2023, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 15.) On June 16, 2023, this Court issued findings and recommendations that this action proceed on Plaintiff's First and Fourth Amendment claims against Defendants Renteria, Gonzalez, and the Police Chief, and that all other claims be dismissed for failure to state a claim, which were adopted by the District Judge on July 13, 2023. (ECF Nos. 17, 18.) Service on these Defendants has not yet been ordered.

On August 18, 2023, Plaintiff filed the instant "Motion to Add Two Additional Defendants" (ECF No. 19), which the Court construes as a motion to amend. In an abundance of caution, the Court shall grant Plaintiff's motion to amend, but shall require Plaintiff to file a second amended complaint that contains all applicable allegations against all identified defendants in a single filing, in compliance with the Local Rules, before it will order service to be completed on the identifiable defendants.

**I.**

**MOTION TO AMEND**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Nevertheless, "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. ex rel. Farnan v. Capistrano Unified

1  Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011).  "This liberality in granting leave to amend is not
2  dependent on whether the amendment will add causes of action or parties."  DCD Programs, Ltd.
3  v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

4          Here, Plaintiff seeks leave to amend the FAC to add allegations regarding two purported
5  additional Defendants, DOE Mendota Police Officers who were allegedly ordered by Defendants
6  Police Chief and Gonzalez to "make sure" Plaintiff "[did] not return to City Council Chambers."
7  (ECF No. 19 at 1.)  These two DOE officers allegedly pushed Plaintiff against the wall outside
8  city council chambers, illegally searched him, and threatened Plaintiff not to return to future city
9  council meetings on the August and October 2022 dates previously identified in the FAC.  (Id. at
10  1–2; see also FAC, ECF No. 12 at 9.)  Plaintiff contends his allegations are sufficient to state a
11  claim against DOE Officer #1 and DOE Officer #2, for the same reasons the Court previously
12  determined Plaintiff stated First and Fourth Amendment claims against Defendants Police Chief
13  and Gonzalez.  The Court tends to agree; however, it notes that it explained in its prior findings
14  and recommendations that Plaintiff failed to state a Fourth Amendment claim regarding
15  November 18 events because "he does not identify any of the individuals who purportedly
16  participated in that event and they are not named Defendants in the instant action."  (See ECF No.
17  14 at 19 (citing Fed. R. Civ. P. 10(a)).)  Here, the Court acknowledges Plaintiff appears to attempt
18  to identify the defendants as "DOE Mendota Police Officers."  Given Plaintiff's pro se status and
19  in an abundance of caution, the Court concludes that the interests of justice and Rule 15's liberal
20  amendment   policy   support   granting   Plaintiff's   request   to   add   these   Defendants.
21  AmerisourceBergen Corp., 465 F.3d at 951; Farnan 654 F.3d at 985; Fed. R. Civ. P 15(a).

22          However, if Plaintiff seeks to add these Defendants, he may only do so with respect to the
23  claims already identified as cognizable by this Court to which he refers in his motion, specifically
24  (1) the Fourth Amendment claim for unreasonable search and seizure occurring in August 2022
25  and October 2022; and (2) the Fourth Amendment claim for excessive use of force for the events
26  occurring in August 2022 and October 2022.  (See ECF No. 14 at 21.)  As the Court previously
27  cautioned him, **Plaintiff may not change the nature of this suit by adding new, unrelated**
28  **claims or defendants in his second amended complaint**.  (See id. at 21–22); George v. Smith,

1    507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

2         Furthermore, Plaintiff must file a second amended complaint that includes all relevant

3    allegations against each and every named Defendant.  This is because, as the Court also

4    previously cautioned Plaintiff, an amended complaint supersedes the original complaint.  (See

5    ECF No. 14 at 22); Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  **This means**

6    **Plaintiff's second amended complaint must be "complete in itself without reference to the**

7    **prior or superseded pleading."** E.D. Cal. L.R. 220.

8         Finally, the Court notes Plaintiff must endeavor to obtain the identifies of the "DOE"

9    Mendota Police Officers.  The Court cannot order service of a DOE defendant because the United

10   States Marshal cannot serve a DOE Defendant.  Therefore, before the Court orders the United

11   States Marshal to serve a DOE defendant, Plaintiff will be required to identify him or her with

12   enough information to locate that defendant for service of process.  The United States Marshal

13   cannot initiate service of process on unknown defendants.  Plaintiff will be given an opportunity

14   through discovery to identify the unknown (DOE) defendants.  Crowley v. Bannister, 734 F.3d

15   967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  Once

16   the identity of a DOE defendant/s is ascertained, Plaintiff must file a motion to amend his

17   complaint only to identify the DOE defendant/s so that service by the United States Marshal can

18   be attempted.  Therefore, the Court will send Plaintiff the appropriate service documents at such

19   time that Plaintiff ascertains the identities of the DOE defendants.  However, if Plaintiff fails to

20   identify any DOE defendant during the course of the discovery, any DOE Defendant will be

21   dismissed from this action.

22                                              **IV.**

23                                   **CONCLUSION AND ORDER**

24        Based on the foregoing, IT IS HEREBY ORDERED that

25   1.     Plaintiff's motion to add two defendants, construed as a motion to amend (ECF

26          No. 19), is GRANTED.

27   2.     The Clerk of the Court shall send Plaintiff a civil rights complaint form;

28   3.     **Within thirty (30) days of this order**, Plaintiff shall file a second amended

4

complaint that contains all applicable allegations against all identified defendants;

4.     The second amended complaint shall identify the names of the two DOE officer Defendants, or identify each DOE with enough information to locate that defendant for service of process, otherwise service will be not directed as to these two defendants; and

5.     The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **August 31, 2023**

_____
UNITED STATES MAGISTRATE JUDGE