# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON, | Case No.  1:23-cv-00211-SAB |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION FOR DEFAULT JUDGMENT |
| v. | |
| CITY OF MENDOTA POLICE CHIEF, et al., | (ECF No. 24) |
| Defendants. | |

Plaintiff Benjamin Karl Ray Bunton ("Plaintiff"), currently incarcerated at the Montana State Prison ("MSP") in Deer Lodge, Montana and proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

On September 22, 2023, Plaintiff filed a notice of additional attempt to name Defendants and a motion to compel Defendants to produce the identities of Mendota Police Officer #1 and Mendota Police Officer #2, or, in the alternative, a motion for default judgment.  (ECF No. 24.)  Plaintiff claims that he has attempted to obtain the identities of the two Mendota police officers since February 6, 2023.  Plaintiff states he sent a discovery request to defense counsel on August 9, 2023.  Plaintiff attached a letter dated August 30, 2023 from an attorney claiming to represent the City of Mendota, denying Plaintiff's discovery requests on the grounds that they were "premature and defective."  (ECF No. 24 at 6.)  Plaintiff also describes a telephone conversation he had with the city clerk on an unknown date wherein Plaintiff requested the names of the two officers.  The city clerk informed Plaintiff that Plaintiff needed to pay a fee for the information and forwarded a letter dated February 24, 2023 describing the City's Public Records Act request policy.  (ECF No. 24 at 3-4.)  Plaintiff claims the information requested is being withheld due to his indigent status.  Plaintiff also asserts he made another request for information "with a copy of

the Court's order requesting the identities of the DOE[] officers" to an unknown entity. (ECF No. 24 at 2.) Plaintiff further describes a September 12, 2023 telephone conversation he had with "defendants attorney," who informed Plaintiff that "no information would be provided until Defendants were served." (Id.) Therefore, Plaintiff requests the Court either compel Defendants to produce the identities of "Mendota Police Officer #1" and "Mendota Police Officer #2," or enter default judgment against Defendants in favor of Plaintiff.

Plaintiff's motion to compel Defendants to produce the identities of the Mendota police officers, or, in the alternative, motion for default judgment must be denied. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). The Defendants in this matter have not been served with a summons or complaint. Therefore, the Court can neither compel Defendants to respond to discovery requests, nor enter a default judgment until Defendants have been served process and the parties have followed the proper procedural requirements in filing the requested motions. Plaintiff is reminded that he must be familiar with the federal rules of procedure when litigating his action so as to avoid unnecessary orders by the Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel Defendants to produce the identities of Mendota Police Officer #1 and Mendota Police Officer #2 is DENIED, and
2. Plaintiff's motion for default judgment against Defendants is DENIED.

IT IS SO ORDERED.

Dated:   **September 26, 2023**

UNITED STATES MAGISTRATE JUDGE