# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MENDOTA POLICE CHIEF, et al.,<br><br>Defendants. | Case No. 1:23-cv-00211-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 24) |

Plaintiff Benjamin Karl Ray Bunton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on February 13, 2023.[1] (ECF No. 1.) The Court screened the complaint, determined it did not state a cognizable claim, and directed Plaintiff to file an amended complaint. (ECF No. 9.) On March 27, 2023, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 12.) The FAC was screened and found to state cognizable claims under the First and Fourth Amendments. (ECF No. 14.) Plaintiff was ordered to file either a second amended complaint or notice of intent to proceed on the cognizable claims within thirty days. (Id. at 22.) On June 12, 2023, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 15.) On June 16, 2023,

---

[1] At the time he initiated this action, Plaintiff was incarcerated at the Montana State Prison in Deer Lodge, Montana. Based on a notice of change of address filed by Plaintiff with the Court on November 30, 2023, it appears Plaintiff is no longer incarcerated at the Montana State Prison. (ECF No. 30.) The allegations that are the subject of the instant complaint occurred in the City of Mendota, prior to his incarceration in Montana.

1

this Court issued findings and recommendations that this action proceed on Plaintiff's First and Fourth Amendment claims against three Defendants—(1) Mendota Police Officer Renteria ("Renteria"), (2) Building Inspector/City Manager Christian Gonzalez ("Gonzalez"), and (3) the City of Mendota Chief of Police ("Police Chief")—which were adopted by the District Judge on July 13, 2023.  (ECF Nos. 17, 18.)

On August 18, 2023, Plaintiff filed a "Motion to Add Two Additional Defendants" (ECF No. 19), which the Court construed as a motion to amend Plaintiff's first amended complaint. On September 1, 2023, the Court granted Plaintiff's motion to amend, but ordered Plaintiff to file a second amended complaint that contained all applicable allegations against all identified defendants in a single filing, in compliance with the Local Rules, before it would order service to be completed on the identifiable defendants.  The Court granted thirty (30) days to file a second amended complaint. (ECF No. 20.)  However, on September 11, 2023, Plaintiff filed a notice of request to proceed on cognizable claims in the first amended complaint.  (ECF No. 21.) Plaintiff's filing noted that while his request to add defendants was logical, for Plaintiff to file a second amended complaint adding such defendants would only cause more delay in this case. Plaintiff concluded the filing by stating he "request[s] to stand on his first amended complaint." (ECF No. 21 at 1.)

Given Plaintiff's request to proceed on the first amended complaint in relation to the Court's previous instruction concerning Plaintiff's ability to conduct discovery to ascertain the identities of the Doe Defendants, the Court issued an order on September 13, 2023 authorizing service of the first amended complaint on Defendants Renteria, Gonzalez, and Police Chief pursuant to Plaintiff's request.  (ECF No. 22.)  However, on September 15, 2023—four days after submitting to this Court that he "request[ed] to stand on his first amended complaint" and two days after the Court issued an order authorizing service—Plaintiff lodged a second amended complaint. (ECF No. 23.)  The Court construed Plaintiff's timely filing of the second amended complaint to mean Defendant no longer "request[ed] to stand on his first amended complaint" and intended that the Court screen the second amended complaint.

On September 22, 2023, Plaintiff filed a motion to compel Defendants to produce the

identities of the unknown Mendota police officers, or, in the alternative, motion for default judgment. (ECF No. 24.) On September 26, 2023, the Court denied Plaintiff's motion for lack of jurisdiction given no Defendant had been served. Despite lodging the second amended complaint on September 15, 2023, Plaintiff filed a notice of submitting service documents, "in compliance with the Court's order filed September 13, 2023." (ECF No. 25.) On November 27, 2023, Plaintiff filed a motion for sanctions against Defendants for failing to answer the second amended complaint. However, no Defendant has been served, pending the Court's order screening Plaintiff's second amended complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions against Defendants is DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2023**

_____
UNITED STATES MAGISTRATE JUDGE