**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MENDOTA POLICE CHIEF, et al.,<br><br>Defendants. | Case No. 1:23-cv-00211-JLT-SAB<br><br>ORDER AUTHORIZING SERVICE OF COMPLAINT AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br><br>(ECF Nos. 23, 33, 34)<br><br>**DEADLINE: 30 DAYS** |

On February 13, 2023, Plaintiff Benjamin Karl Ray Bunton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court screened the complaint, determined it did not state a cognizable claim, and directed Plaintiff to file an amended complaint. (ECF No. 9.) On March 27, 2023, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 12.) The FAC was screened and found to state cognizable claims under the First and Fourth Amendments against Defendants Renteria, Gonzalez, and the Police Chief. (ECF No. 14.) On June 12, 2023, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 15.) On June 16, 2023, this Court issued findings and recommendations that this action proceed on Plaintiff's First and Fourth

1

1  Amendment claims against Defendants Renteria, Gonzalez, and the Police Chief, and that all
2  other claims be dismissed for failure to state a claim, which were adopted by the District Judge on
3  July 13, 2023.  (ECF Nos. 17, 18.)

4  Before service of the FAC was ordered, Plaintiff filed a "Motion to Add Two Additional
5  Defendants" (ECF No. 19), which the Court construed as a motion to amend to add two John Doe
6  Mendota City Police Officers.  In an abundance of caution, the Court granted Plaintiff's motion to
7  amend, but required that Plaintiff file a second amended complaint that contained all applicable
8  allegations against all identified defendants in a single filing, in compliance with the Local Rules,
9  before it will order service to be completed on the identifiable Defendants.  However, on
10 September 11, 2023, Plaintiff filed a notice of request to proceed on cognizable claims in the first
11 amended complaint.  (ECF No. 21.)  Given Plaintiff's request to proceed on the first amended
12 complaint in relation to the Court's previous instruction concerning Plaintiff's ability to conduct
13 discovery to ascertain the identities of the Doe Defendants, the Court issued an order on
14 September 13, 2023 authorizing service of the first amended complaint on Defendants Renteria,
15 Gonzalez, and Police Chief pursuant to Plaintiff's request.  (ECF No. 22.)

16 However, on September 15, 2023, Plaintiff lodged a second amended complaint ("SAC"),
17 which the Court liberally construed to mean Plaintiff no longer requested to stand on his first
18 amended complaint.  (ECF No. 23.)  On December 5, 2023, the Court issued findings and
19 recommendations as to the SAC, recommending that this action proceed on the following claims:
20 (1) Fourth Amendment claims for unreasonable search and seizure against Defendants Gonzalez
21 and Does 1-2 for their actions prior to and at the conclusion of Mendota City Council meetings in
22 August 2022 and October 2022; (2) Fourth Amendment claims for excessive use of force against
23 Defendants Gonzalez and Does 1-2 for their actions in August 2022 and October 2022; and
24 against Defendants Gonzalez, Renteria, and Does 1-2 for their actions on or around November 18,
25 2022; and (3) First Amendment retaliation claims against (a) Defendant Renteria for questioning
26 Plaintiff at his job and following him in November 2022; and (b) against Defendants Gonzalez
27 and Does 1-2 for their alleged harassment, search, and detainment of Plaintiff in August 2022,
28 October 2022, and November 15, 2022.  (ECF No. 33.)  The Court found the complaint failed to

state any other claims and recommended that all other claims be dismissed.  Further, the Court found Plaintiff failed to state any claims against the Police Chief in the SAC.  However, because the Court previously found that Plaintiff stated cognizable claims against the Police Chief and Plaintiff included a conclusory statement relating to the Police Chief in the SAC, the Court recommended granting Plaintiff leave to amend his second amended complaint limited to curing the factual deficiencies related to his claims against the Police Chief.  On January 4, 2024, the District Judge adopted those findings and recommendations.  (ECF No. 34.)

Given thirty days have passed since the order was issued adopting the findings and recommendations and the Court has not received a third amended complaint, the Court construes this to mean that Plaintiff intends to proceed on the SAC. Accordingly, given Plaintiff is proceeding *in forma pauperis*, the Court finds the appropriate course of action is to proceed to authorize service of the second amended complaint on Defendants Renteria and Gonzalez and direct Plaintiff to complete service documents for the U.S. Marshal to effectuate service. However, the Court does not find service appropriate at this time for Defendants John Doe 1 or John Doe 2 because the U.S. Marshal cannot serve a Doe Defendant.  Therefore, before the Court orders the United States Marshal to serve either Doe defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process.  The United States Marshal cannot initiate service of process on unknown defendants.  Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)).  Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted.  Therefore, the Court will send Plaintiff the appropriate service documents at such time that Plaintiff ascertains the identities of the Doe Defendants.  However, if Plaintiff fails to identify any Doe Defendant during the course of the discovery, the Doe Defendant will be dismissed from this action.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Service shall be initiated on the following Defendants:

   **City of Mendota Police Officer/Sergeant Renteria**

   **Building Inspector/City Manager Christian Gonzalez**

2. The Clerk of the Court shall send Plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the second amended complaint lodged on September 15, 2023 (ECF No. 23) which was filed by the Court on December 5, 2023 (ECF No. 32);

3. **Within thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. One completed summons for each Defendant listed above;

   b. One completed USM-285 form for each Defendant listed above; and

   c. Three (3) copies of the endorsed second amended complaint lodged on September 15, 2023 (ECF No. 23) and filed by the Court on December 5, 2023 (ECF No. 32);

4. Plaintiff need not attempt service on the Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;

///
///
///
///
///
///
///
///

4

5. **Within one-hundred twenty (120) days from the date of this Order**, Plaintiff shall provide the Court with written notice identifying Defendant John Doe 1 and Defendant John Doe 2 with enough information to locate the defendants for service of process; and

5. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **February 6, 2024**  

UNITED STATES MAGISTRATE JUDGE