UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff<br><br>v.<br><br>CITY OF MENDOTA POLICE CHIEF, et al.,<br><br>Defendants. | CASE No. 1:23-cv-00211-JLT-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT<br><br>ORDER DIRECTING CLERK TO FILE PLAINTIFF'S LODGED THIRD AMENDED COMPLAINT<br><br>ORDER AUTHORIZING SERVICE OF COMPLAINT AND WAIVING PLAINTIFF'S COMPLETION AND RETURN OF SERVICE DOCUMENTS<br><br>(ECF No. 42, 43) |

Plaintiff Benjamin Karl Ray Bunton ("Plaintiff") is a Montana state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on February 13, 2023. (ECF No. 1.) The Court screened the complaint, determined it did not state a cognizable claim, and directed Plaintiff to file an amended complaint. (ECF No. 9.) On March 27, 2023, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 12.) The FAC was screened and found to state cognizable claims under the First and Fourth Amendments against Defendants Renteria, Gonzalez, and the Police Chief. (ECF No. 14.) On June 12, 2023, Plaintiff filed a notice stating that he wished to proceed on the cognizable claims. (ECF No. 15.) On June 16, 2023, this Court issued findings and recommendations that this action

proceed on Plaintiff's First and Fourth Amendment claims against Defendants Renteria, Gonzalez, and the Police Chief, and that all other claims be dismissed for failure to state a claim, which were adopted by the District Judge on July 13, 2023.  (ECF Nos. 17, 18.)

Before service of the FAC was ordered, Plaintiff filed a "Motion to Add Two Additional Defendants" (ECF No. 19), which the Court construed as a motion to amend to add two John Doe Mendota City Police Officers.  In an abundance of caution, the Court granted Plaintiff's motion to amend, but required that Plaintiff file a second amended complaint that contained all applicable allegations against all identified defendants in a single filing, in compliance with the Local Rules, before it will order service to be completed on the identifiable Defendants.  However, on September 11, 2023, Plaintiff filed a notice of request to proceed on cognizable claims in the first amended complaint.  (ECF No. 21.)  Given Plaintiff's request to proceed on the first amended complaint in relation to the Court's previous instruction concerning Plaintiff's ability to conduct discovery to ascertain the identities of the Doe Defendants, the Court issued an order on September 13, 2023 authorizing service of the first amended complaint on Defendants Renteria, Gonzalez, and Police Chief pursuant to Plaintiff's request.  (ECF No. 22.)

However, on September 15, 2023, Plaintiff lodged a second amended complaint ("SAC"), which the Court liberally construed to mean Plaintiff no longer requested to stand on his first amended complaint.  (ECF No. 23.)  On December 5, 2023, the Court issued findings and recommendations as to the SAC, recommending that this action proceed on the following claims: (1) Fourth Amendment claims for unreasonable search and seizure against Defendants Gonzalez and Does 1-2 for their actions prior to and at the conclusion of Mendota City Council meetings in August 2022 and October 2022; (2) Fourth Amendment claims for excessive use of force against Defendants Gonzalez and Does 1-2 for their actions in August 2022 and October 2022; and against Defendants Gonzalez, Renteria, and Does 1-2 for their actions on or around November 18, 2022; and (3) First Amendment retaliation claims against (a) Defendant Renteria for questioning Plaintiff at his job and following him in November 2022; and (b) against Defendants Gonzalez and Does 1-2 for their alleged harassment, search, and detainment of Plaintiff in August 2022, October 2022, and November 15, 2022.  (ECF No. 33.)  The Court found the complaint failed to state any

other claims and recommended that all other claims be dismissed. Further, the Court found Plaintiff failed to state any claims against the Police Chief in the SAC. However, because the Court previously found that Plaintiff stated cognizable claims against the Police Chief and Plaintiff included a conclusory statement relating to the Police Chief in the SAC, the Court recommended granting Plaintiff leave to amend his second amended complaint limited to curing the factual deficiencies related to his claims against the Police Chief. On January 4, 2024, the District Judge adopted those findings and recommendations. (ECF No. 34.)

The Court construed Plaintiff's failure to file an amended complaint within thirty days after the order was issued adopting the findings and recommendations as his intent to proceed on the second amended complaint. (ECF No. 35.) The Court proceeded to authorize service of the second amended complaint on Defendants Renteria and Gonzalez and directed Plaintiff to complete service documents for the U.S. Marshal to effectuate service. (Id. at 3.) Plaintiff was ordered to provide the Court with written notice identifying Defendants John Doe 1 and John Doe 2 with enough information to locate the defendants for service of process within one hundred twenty days. (Id. at 5.)

On March 27, 2024, Plaintiff filed a motion to amend his complaint to name Defendant John Doe 1 as Officer Santiago Jurado and John Doe 2 as Officer Anthony Aguilar. (ECF No. 42.) On April 2, 2024, Plaintiff lodged a third amended complaint against Defendants (1) Christian Gonzalez; (2) Sergeant Francisco Renteria; (3) Mendota Police Officer Santiago Jurado; and (4) Mendota Police Officer Anthony Aguilar. (See ECF No. 43.) Additionally, Plaintiff amended his complaint to name and reallege causes of action against Mendota Police Chief Kevin Smith.[1] (Id.)

## I.

## MOTION TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,

---

[1] The Court notes Plaintiff's third amended complaint re-alleges factual allegations against the Police Chief, which were included in his first amended complaint but omitted from his second amended complaint. (See ECF No. 43 at 6.)

a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis W., Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

Here, Plaintiff seeks leave to amend to name two of the DOE defendants in his second amended complaint and re-allege factual allegations against the Police Chief. Given the Court has previously stated he may amend the complaint to re-allege causes of action against the Police Chief (ECF Nos. 33, 34) and that he must amend the complaint to name the DOE Defendants when they are identified (ECF No. 35), the Court will grant Plaintiff's motion to file a third amended complaint for the purpose of naming the DOE Defendants in the complaint and re-alleging claims against the Police Chief.

## II.

## AUTHORIZATION OF SERVICE

The Court shall authorize service of the third amended complaint. This will be the third time this Court has authorized service on Defendants. (See ECF Nos. 22, 35.) Further, on February 27, 2024, the Court ordered the United States Marshals Service to serve the only two named Defendants with the second amended complaint. (ECF No. 37.) However, no waiver of service nor proof of service has been filed in this action. Accordingly, in the interest of judicial economy, the Court will, as a one-time courtesy, authorize service of the third amended complaint on the five named Defendants without requiring that Plaintiff complete a notice of submission of documents and return the requisite copies of documents to the Court.

///
///
///
///
///
///
///

4

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff' motion to file a third amended complaint shall be granted (ECF No. 42);

2. The Clerk of Court is DIRECTED to file Plaintiff's third amended complaint (ECF No. 43); and

3. In the interest of judicial economy, the Court authorizes service of the third amended complaint, waives Plaintiff's completion and return of service documents, and DIRECTS the Clerk of Court to provide five courtesy copies of the summons, USM-285 form; and the third amended complaint for service by the United States Marshals Service.

IT IS SO ORDERED.

Dated: __**April 19, 2024**__

UNITED STATES MAGISTRATE JUDGE