# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff<br><br>v.<br><br>CITY OF MENDOTA POLICE CHIEF, et al.,<br><br>Defendants. | CASE No. 1:23-cv-00211-JLT-SAB (PC)<br><br>ORDER WITHDRAWING ORDER DIRECTING SERVICE OF SECOND AMENDED COMPLAINT<br><br>ORDER DIRECTING SERVICE OF THE THIRD AMENDED COMPLAINT BY THE UNITED STATES MARSHALS SERVICE WITHOUT PREPAYMENT OF COSTS |

Plaintiff Benjamin Karl Ray Bunton, proceeding *pro se* and *in forma pauperis*, filed this action on February 13, 2023.  (ECF No. 1.)  Following screenings and the filing of a second amended complaint, the Court found Plaintiff stated cognizable claims against Mendota Police Department Police Officer/Sergeant Renteria and City of Mendota Building Inspector/City Manager Christian Gonzalez.  (ECF Nos. 33, 34.)  On February 6, 2024, the Court authorized service of the second amended complaint in this action and forwarded service documents to Plaintiff to complete and return.  (ECF No. 35.)  On February 27, 2024, Plaintiff returned the documents.  (ECF No. 36.)  On February 27, 2024, the Court issued an order directing service of the second amended complaint by the United States Marshals Service ("USM").  (ECF No. 37.)

However, Plaintiff has since filed a third amended complaint naming two DOE defendants—Mendota Police Officers Santiago Jurado and Anthony Aguilar—and reasserting his claims against the City of Mendota Police Chief, now named as Kevin Smith.  (ECF No. 45.) Because the USM has not returned waivers of service nor proceeded with personal service of the

second amended complaint on (1) City of Mendota Police Officer/Sergeant Renteria or (2) City of Mendota Building Inspector/City Manager Christian Gonzalez, the Court shall, in the interests of judicial economy, direct the Clerk of Court to forward the **third amended complaint** and other service documents to the USM for service.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court shall WITHDRAW its order directing service of the second amended complaint by the United States Marshals Service (ECF No. 37) and shall direct service of the **third amended complaint** filed on April 22, 2024 (ECF No. 45);

2. For each of the **five defendants** to be served, the Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

    (a) One completed and issued summons;

    (b) One completed USM−285 form for each defendant to be served;

    (c) One copy of the **third amended complaint** filed on April 22, 2024 (ECF No. 45) plus one copy for the United States Marshal;

    (d) One copy of this order, plus one copy for the United States Marshal; and

    (e) One copy of the new case documents.

3. In addition to the two Defendants the USM was previously directed to notify and request a waiver of service—**(1) City of Mendota Police Officer/Sergeant Renteria and (2) City of Mendota Building Inspector/City Manager Christian Gonzalez**—within ten days from the date of this order, the USM is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c):

    **(3) City of Mendota Police Chief Kevin Smith**

    **(4) City of Mendota Police Officer Santiago Jurado**

    **(5) City of Mendota Police Officer Anthony Aguilar**

4. The USM shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

5. If a waiver of service is not returned by a defendant within sixty (60) days of the date of mailing the request for waiver, the USM shall:

   a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).  The USM shall maintain the confidentiality of all information provided pursuant to this order.

   b. Within ten days after personal service is effected, the USM shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM−285 form and shall include the costs incurred by the USM for photocopying additional copies of the summons and complaint and for preparing new USM−285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

6. **If defendants waive service, they are required to return the signed waivers to the USM.  The filing of an answer or a responsive motion does not relieve defendants of this requirement, and the failure to return the signed waivers may subject defendants to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

IT IS SO ORDERED.

Dated:   **April 22, 2024**

UNITED STATES MAGISTRATE JUDGE