# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN SMITH, et al.,<br><br>Defendants. | Case No. 1:23-cv-00211-JLT-SAB<br><br>ORDER RESETTING DEFENDANTS' DISCOVERY MOTION; VACATING OCTOBER 7, 2025 HEARING<br><br>ORDER REQUIRING THAT PLAINTIFF SHOW CAUSE IN WRITING WHETHER HE INTENDS TO PROSECUTE THIS ACTION<br><br>(ECF No. 61) |

On August 29, 2025, Defendants filed a motion for an order granting relief under Rule 37 of the Federal Rules of Civil Procedure before the assigned District Judge for a hearing on October 7, 2025. The Court resets the motion before the undersigned and vacates the hearing. See L.R. 302(c)(1); L.R. 230(g). Defendants request that the Court issue an order for the following: (1) that Plaintiff file a notice of change of address; (2) that Plaintiff and Defendants meet and confer on a modification of the scheduling order; (3) that Plaintiff submit to a continued deposition no later than October 31, 2025; and (4) and order to show cause why this action should not be dismissed with prejudice if Plaintiff fails to comply. (ECF No 61-1.)

Defendants contend that Plaintiff arrived in Mendota in March 2025, despite his current address for service being an address in Mississippi. (ECF No. 61-1 at 3.) Defendants conducted Plaintiff's deposition on April 28, 2025. (Id.) At the deposition, Plaintiff identified witnesses

1   that were not disclosed in his written discovery responses; identified documents and videos that
2   he believed existed but was unable to obtain and bring to the deposition; and ultimately became
3   upset and left the deposition suddenly without agreement by Defendants.  (ECF No. 61-1 at 3;
4   Declaration of Graham Scott ("Scott Decl."). ECF No. 61-2 at ¶¶ 12-17.)

5   Following attempts to coordinate a continued deposition with Plaintiff, Defendants
6   served a notice of continued videotaped deposition of Plaintiff on July 25, 2025, which
7   scheduled his continued deposition for August 13, 2025.  (Scott Decl. ¶ 25.)  The notice was
8   served at all four email addresses that Plaintiff has provided to counsel for Defendants over the
9   course of litigating this action.  (Declaration of Anesa Suweid ("Suweid Decl."), ECF No. 61-3
10  at ¶ 4.)  Defendants proffer that the continued deposition did not go forward on August 13, 2025
11  because Plaintiff stated "(1) all 4 email addresses where the deposition notice had been sent had
12  been 'hacked into' and that he has no access to them, (2) he will not provide his physical,
13  mailing, or another email address for service, and (3) he will not sit for a continued deposition
14  because he is in a different location that he will not disclose because he does not want anyone to
15  know his where he is.' "[1]  (Suweid Decl. ¶ 5.)  During that call, Plaintiff purportedly informed
16  Defendants that "all service needed to be done by phone"; however, one of the two numbers
17  provided "was going to be turned off shortly" and the other "is owned by an unidentified female
18  who answers the call and then gives the phone to [Plaintiff]."  (Id. at ¶ 6.)

19  Defendants contend that Plaintiff has also refused to make arrangements for his
20  witnesses' depositions.  (ECF No. 61-1.)  Defendants' process server has been unable to serve
21  Plaintiff's witnesses because the addresses either do not exist or the individuals do not live at the
22  addresses. (Scott Decl. ¶¶ 26-28.)  Defendants informed Plaintiff of these issues via telephone,
23  but Plaintiff declined to further assist in locating his witnesses.  (Id. at ¶ 28.)

24  Pursuant to the May 19, 2025 modified scheduling order, the deadline to complete
25  discovery was August 30, 2025.  (ECF No. 60.)  Defendants' August 29, 2025 motion does not

---

[1] Defendant argues in its instant motion that "Plaintiff has continually avoided his obligation to complete his deposition or to provide responses regarding his witnesses' contact information."  (ECF No. 61-1 at 6.)  However, Defendants did not file a motion to compel Plaintiff's continued deposition or provide responses prior to the expiration of the discovery deadline. (ECF No 54 at 3 ("The deadline for the completion of all discovery, *including filing all motions to compel discovery*, is [August 30, 2025]") (emphasis added); ECF No. 60.)

request modification of the scheduling order nor is it a motion to compel Plaintiff's deposition or to provide responses regarding his witness' contact information.  Instead, it requests that this Court order Plaintiff to meet and confer with Defendants to modify the scheduling order *after* the discovery deadline has expired, and appear for a deposition by October 31, 2025, two months *after* the close of discovery.

Given the upcoming September 30, 2025 dispositive motion deadline, the Court shall order that Plaintiff show cause in writing whether he intends to prosecute this action.  Defendants are not precluded from filing a motion to modify the scheduling order as to the impending dispositive motion deadline prior to Plaintiff's deadline to respond.

Accordingly, IT IS HEREBY ORDERED that **within fourteen (14) days** from the date of entry of this order, Plaintiff SHALL file a notice in writing stating whether he intends to prosecute this action. In his written response, Plaintiff shall confirm his current address.

IT IS SO ORDERED.

Dated:  **September 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3