# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON, | Case No. 1:23-cv-00211-JLT-SAB |
| Plaintiff, | ORDER DENYING DEFENDANTS' DISCOVERY MOTION |
| v. | (ECF No. 61) |
| KEVIN SMITH, et al., | |
| Defendants. | |

Before the Court is Defendants' motion for judgment, which the Court subsequently construed as a discovery motion. (ECF Nos. 61, 62.) As the Court explained in its September 5, 2025 order, Defendants' motion did not request modification of the scheduling order nor was it a motion to compel Plaintiff's deposition or to provide responses regarding his witness' contact information. Instead, the motion requested that this Court order Plaintiff to meet and confer with Defendants to modify the scheduling order after the discovery deadline had expired, and appear for a deposition by October 31, 2025, two months after the close of discovery. (ECF No. 62.) In other words, a discovery motion.

The Court then observed that the dispositive motion deadline had not yet passed before ordering Plaintiff to show cause in writing by September 23, 2025, whether he intended to prosecute this action. (Id.) Plaintiff did not file a response to the Court's order, nor to Defendants' discovery motion. (See ECF No. 63.)[1] Thus, the Court now deems the discovery

---

[1] On September 29, 2025, Defendants moved to dismiss this action, which remains pending. (ECF No. 65.)

motion submitted and issues its ruling.

Pursuant to the scheduling order, the Court was explicit that "[a]bsent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served *sufficiently in advance* of the discovery deadline *to permit time for a response and time to prepare and file a motion to compel*." (ECF No. 54) (emphasis added). The discovery deadline in this matter was August 30, 2025; Defendants' motion was filed on August 29, 2025.

The Court finds that one (1) day to be insufficient "to permit time for a response and time to prepare and file a motion to compel." Moreover, Defendants did not provide good cause for waiting until the day before the close of discovery to file its motion that patently would require extending the discovery deadline. Nor did Defendants move to continue the close of discovery to allow for Plaintiff and the Court to have sufficient time to contend with the motion or provide the relief Defendants sought. For these reasons, the Court will deny the motion.

In light of the foregoing, the Court DENIES the discovery motion. (ECF No. 61.)

IT IS SO ORDERED.

Dated: **October 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2