# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON, | Case No. 1:23-cv-00211-JLT-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| KEITH SMITH, et al., | ORDER VACATING NOVEMBER 12, 2025 HEARING |
| Defendants. | (ECF No. 67) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Currently before the Court is Defendants' motion to dismiss this action for lack of prosecution and for failure to comply with the Court's orders, brought pursuant to Federal Rule of Civil Procedure 41(b). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). This Court, having reviewed the moving papers, the lack of an opposition brief, and the Court's record, finds the matter suitable for decision without further briefing or oral argument. See Local Rule 230(c), (g). Accordingly, the hearing set for November 12, 2025, shall be vacated. For the reasons explained herein, the Court recommends Defendant's motion to dismiss for lack of prosecution be granted and this matter be dismissed with prejudice.

## II.

## RELEVANT BACKGROUND

Benjamin Karl Ray Bunton ("Plaintiff"), who is proceeding *pro se* and *in forma pauperis*, filed this civil rights action on February 13, 2023. (ECF No. 1.) A scheduling order was issued setting the discovery deadline for May 30, 2025. (ECF No. 54.)

On May 19, 2025, Defendants filed a motion to continue discovery and dispositive motion deadlines in the scheduling order due to the parties' inability to complete Plaintiff's deposition or the depositions of Plaintiff's witnesses before the deadline. (ECF No. 59.) The Court granted the motion on May 20, 2025 and extended the discovery deadline to August 30, 2025. (ECF No. 60.)

On September 5, 2025, the Court issued an order to show cause directing Plaintiff to show cause in writing whether he intended to continue prosecuting this action after failing to make arrangements to continue his deposition or those of his witnesses. (ECF No. 62.) Plaintiff did not respond or otherwise file anything on the docket. (ECF No. 63.)

On September 29, 2025, Defendants moved to dismiss the case pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and failure to comply with the Court's September 5, 2025 order to show cause. (ECF No. 64.) Defendants argue that Plaintiff has failed to cooperate in completing his deposition and has not provided contact information for his witnesses since the Court's May 20, 2025 order. (Scott Declar., ¶ ¶ 3, 5.) Plaintiff did not file an opposition or any other response.

In an abundance of caution, the Court issued a final order to show cause on October 15, 2025, offering Plaintiff one final opportunity to oppose the motion to dismiss on or before October 30, 2025. (ECF No. 67.) As of the date of this order, Plaintiff failed to respond to the Court's most recent order.

## III.

## LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

///

## IV.

## DISCUSSION

The Ninth Circuit has stated that it "may affirm a dismissal where at least four factors support dismissal… or where at least three factors 'strongly' support dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998)).

1. Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

The public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. "The public's interest in expeditious resolution of litigation always weighs in favor of dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish, 191 F.3d at 990.) Given that Plaintiff has failed to comply with two Court orders (ECF Nos. 62, 67) and has failed to respond to Defendants' motion to dismiss (ECF No. 64), this factor weighs in favor of dismissal.

Furthermore, the Eastern District of California is one of the busiest Courts in the nation and its dockets are extremely impacted. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. The Court's time spent litigating this action could have been devoted to other cases on the docket in which the parties are actively litigating their action. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action. The Court's need to manage its docket weighs in favor of dismissal.

2. Prejudice to the Defendant

Since it appears that Plaintiff does not intend to litigate this action diligently, a rebuttable presumption of prejudice to Defendants arises. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. Id. at 1453. However, since Plaintiff has not objected to the motion to dismiss, he has not rebutted the

presumption of prejudice. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Malone, 833 F.2d at 131. Defendants argue Plaintiff has failed to cooperate in completing his deposition and has not provided contact information for his witnesses since the Court's May 20, 2025 order. (Scott Declar., ¶¶ 3, 5.) The amount of delay in this case is not limited but is significant.[1] The Court finds that the prejudice to Defendant based on Plaintiff's failure to participate in this action threatens to interfere with the rightful decision in the case and therefore weighs in favor of dismissal.

### 3. Public Policy in Favor of Deciding Cases on the Merits

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. The Court finds this factor does not outweigh Plaintiff's failure to comply with the Court's orders.

### 4. Availability of Lesser Sanctions

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Malone, 833 at 132-33. The Court's October 15, 2025 order expressly stated: "**[F]ailure to respond to this order to show cause will result in the issuance of findings and recommendations recommending that the assigned District Judge dismiss this case <u>with prejudice</u>.**" (ECF No. 67) (emphasis in original). Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.

///

///

---

[1] Since the Court's May 20, 2025 order, Plaintiff has left four telephone messages for Defendants' counsel requesting a return call. (Scott Declar., ¶ 5.) In two of those messages, Plaintiff stated that he would not provide the contact information for his witnesses and asserted that Defendants "owe him documents." (Id.) Despite these messages, Defendants have been unable to reach Plaintiff. (Id. at ¶ 6.) When counsel for Defendants returns Plaintiff's calls using the number provided, the call is directed immediately to voicemail, which states that the subscriber has not set up a voicemail box. (Id.) Plaintiff has not otherwise communicated with Defendants' counsel by email or mail. (Id.)

## V.

## RECOMMENDATION AND ORDER VACATING

Plaintiff has failed to comply with the Court's orders and has failed to diligently prosecute this action. In considering the factors to determine if this action should be dismissed, the Court finds that the factors weigh in favor of dismissal of this action, and that this action should be dismissed with prejudice for Plaintiff's failure to obey the Court's orders, and failure to prosecute this action. Plaintiff has not filed an opposition to Defendants' motion to dismiss.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED with prejudice, for Plaintiff's failure to abide by the Court's order and failure to prosecute.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the hearing set for November 12, 2025, IS HEREBY VACATED.

IT IS SO ORDERED.

Dated:  **November 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge

6