# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

BENJAMIN KARL RAY BUNTON,

Plaintiff,

v.

KEVIN SMITH, et al.,

Defendants.

Case No.  1:23-cv-00211-JLT-SAB

ORDER GRANTING WILLIAM F. SULTON'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD AND VACATING JANUARY 21, 2026 HEARING DATE

Currently before the Court is Attorney William F. Sulton's motion to withdraw as counsel of record for Plaintiff.  (ECF No. 86.)  Defendants filed a statement of non-opposition.  (ECF No. 112.)  The matter is therefore deemed unopposed.  See L.R. 230(c).  Having considered the moving papers and case on file, the Court finds this matter suitable for decision without oral argument.  See L.R. 230(g).  Accordingly, the previously scheduled hearing set for January 21, 2026 will be vacated and the parties will not be required to appear at that time.  For the reasons discussed herein, the Court deems it appropriate to grant counsel's motion.

**I.**

**BACKGROUND**

On December 15, 2025, the Court granted Attorney William F. Sulton's *pro hac vice* application. (ECF No. 83.)  On December 16, 2025, Attorney Sulton filed a motion to withdraw as counsel of record, stating that he "received a voice message from the plaintiff requesting that the firm withdraw from this case."  (ECF No. 86.)  Attorney Sulton thereafter filed a declaration attesting that Attorney Nicholas Brock Enger, Plaintiff's local counsel, sent him an email stating, "[p]er my client's wishes, **promptly remove yourself from this case."**  (ECF No. 91) (emphasis in original).  On December 22, 2025, Attorney Enger moved this Court to revoke Attorney

1

Sulton's *pro hac vice* admission in this matter pursuant to Plaintiff's reiterated request. (ECF No. 108.)

## II.

## LEGAL STANDARD

Permissive withdrawal as attorney of record is governed by Local Rule 182 and Rule 1.16 of the California Rules of Professional Conduct. Local Rule 182 provides

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d) (emphasis in original). Rule of Professional Conduct 1.16(b)(6) provides that an attorney may request permission to withdraw if the client "knowingly and freely assents to termination of the representation." Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." The decision to grant or deny a motion to withdraw is within the court's discretion. LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998).

## III.

## DISCUSSION

Attorney Sulton has complied with both the Local Rules and the California Rules of Professional Conduct. At Plaintiff's request, Attorney Sulton filed the instant motion. Attorney Sulton states that he has communicated with Plaintiff by telephone and email with regards to this matter. (ECF No. 91.) He further represents that, to his understanding, Plaintiff does not have a permanent physical address but has confirmed that he maintains two email addresses and has access to text messaging. (Id.) Attorney Sulton sent an email to both confirmed email addresses

2

notifying Plaintiff of the date, time, and location of the hearing on the motion to withdraw and attached copies of the motion and accompanying declaration. (Id.) Attorney Sulton also sent Plaintiff a text message providing notice of the motion to withdraw and the hearing details. (Id.) Because Attorney Sulton's withdrawal will not leave Plaintiff *in propria persona*, given Attorney Enger's representation, the Court finds good cause to grant Attorney Sulton's motion to withdraw.

## IV.

## ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1.      The motion to withdraw as counsel of record (ECF No. 86) is **GRANTED**;

2.      The hearing for January 21, 2026 is VACATED;

3.      Motion to revoke *pro hac vice* admission (ECF No. 108) is **DENIED AS MOOT**;

4.      Attorney Sulton SHALL provide a copy of this order to Plaintiff **within three (3) days of this order**; and

5.      The Clerk of Court is DIRECTED to relieve William F. Sulton as attorney of record for Plaintiff.

IT IS SO ORDERED.

Dated:    **January 15, 2026**    _____

STANLEY A. BOONE
United States Magistrate Judge