**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN KARL RAY BUNTON, | Case No. 1:23-cv-00211 JLT SAB |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CASE |
| v. | |
| KEITH SMITH, et al., | (Docs. 64, 68) |
| Defendants. | |

Benjamin Karl Ray Bunton was originally proceeding pro se in this civil rights action. (*See* Docs. 1, 45.) The matter was referred to the assigned magistrate judge under the Local Rules. The magistrate judge issued a scheduling order, which set deadlines for discovery and other pretrial matters. (Doc. 54.) The Court later extended the deadline for discovery because the parties had not been able to complete Bunton's deposition, nor the depositions of his anticipated trial witnesses. (Docs 59–60.)

As the magistrate judge summarized in a previous order, Bunton gave testimony in a deposition in April 2025, but he "became upset and left the deposition suddenly" before it was complete. (Doc. 62 at 2.) The defense attempted to schedule a continued deposition, but Bunton refused to attend because, in his words, "he is in a different location that he will not disclose because he does not want anyone to know where he is." (*Id.*) Defendants also reported that they could not locate the witnesses Bunton had identified "because the addresses either do not exist or

1

the individuals do not live at the addresses," and Bunton "declined to further assist in locating his witnesses." (*Id.*) The magistrate judge thus ordered Bunton to state in writing "whether he intends to prosecute this action." (*Id.* at 3.)

After Bunton did not respond to the magistrate judge's order, Defendants moved to dismiss for lack of prosecution and for failure to comply with the Court's orders. (Doc. 64.) Bunton did not file an opposition before the applicable deadline. In an abundance of caution, the magistrate judge gave Bunton another opportunity to oppose the motion to dismiss and to explain why the case should not be dismissed for lack of prosecution. (Doc. 67.) Bunton did not respond to the order to show cause or file an opposition.

The magistrate judge recommends dismissing this action with prejudice for lack of prosecution and for failure to comply with court orders. (Doc. 68.) The Court served the magistrate judge's findings and recommendations on the parties, permitted objections within fourteen days, and warned that the absence of any objections could result in the forfeiture of certain rights. (*Id.* at 6.)

Attorney Nicholas B. Enger appeared on Buntons's behalf and filed objections to the findings and recommendations. (Docs. 69, 70.) Through Enger, Bunton contends his previous failures to respond were not "willful disobedience," but rather "excusable neglect." (Doc. 70 at 3.) Bunton explains that he was suffering from poor health, was homeless, was moving between temporary shelters, and lost his personal property, including documents related to this case. (Doc. 70-1 ¶ 3.) He also states that he had no reliable voicemail, no phone service, and no way to receive mail from the Court. (*Id.* ¶ 4.) Despite these claims, he reports that he made "voluminous attempts and efforts to reach defense counsel" by phone, and he faults defense counsel for failing to return his calls. (Docs. 70 at 3, 70-1 ¶ 5.) There are reasons to be skeptical of Bunton's claims. As the magistrate judge recounted in the findings and recommendations, defense counsel claimed that they had received voicemail messages from Bunton and had attempted to return his calls but were always "directed immediately to voicemail." (Doc. 68 at 5 n.1.) They could not leave voice messages because no voicemail service had been set up. (*Id.*)

In any event, Bunton reports that his "situation is now stable," that he has a "fixed

2

address," and that he is "ready to move forward with this case, including sitting for a remote deposition and providing [his] witness list to the Court under seal." (*Id.* ¶ 8.)  He also claims that more discovery is necessary in light of a recent discovery about missing surveillance video evidence. (*Id.* ¶ 6.).  Bunton argues in addition that defendants would not be prejudiced by an extension of the discovery deadlines, that an extension would be a more appropriate and less drastic remedy than a dismissal, that a dismissal would waste the resources the Court and parties have already expended, and that the equities weigh against a dismissal.  (Doc. 70 at 3–5.)

The Court has reviewed the matter de novo.  *See* 28 U.S.C. § 636(b)(1).  As the magistrate judge explained, the relevant factors weigh in favor of dismissal:

- Bunton's repeated failures to respond to court orders and to comply with case deadlines have prevented the Court from managing its docket and resolving this action expeditiously.  (Doc. 68 at 4.)  The events underlying Bunton's complaint took place more than three years ago.  (*See* Doc. 45 at 6–7.)

- Bunton's early departure from his deposition, his multiple failures to comply with deadlines, his unresponsiveness to opposing counsel, and his faulty discovery responses have prevented Defendants from finding witnesses and from building a record for dispositive motions and trial.  (*Id.* at 4–5.)

- Lesser sanctions have not secured Bunton's compliance or prompted his active participation in the case.  (*Id.* at 5.)  Warnings, extensions, and orders to show cause have all proven ineffective.  (*Id.*)

- Neither the appearance of counsel on Bunton's behalf, nor Bunton's more stable living situation, give the Court confidence that Bunton will comply with orders and deadlines in the future.  He has offered to provide discovery information to the Court only, not to the defense, and he asks that this information remain under seal, all without explanation or justification.  (*See* Doc. 70-1 ¶ 5.)  He raises new arguments about new evidence, new theories of wrongdoing, and new discovery disputes without explaining why he could not take action sooner, before the relevant deadlines.  (*See id.* ¶¶ 5–6.)  His explanations for his previous failures to

comply with Court orders and to comply with deadlines also contradict themselves: on the one hand, he faults defense counsel for failing to return his calls, but on the other hand, he asks the Court to excuse his failures to comply by arguing he has "no reliable phone or voicemail." (*See* Doc. 70 at 3.)

- Although public policy favors the resolution of a case on its merits, Bunton's actions have prevented the Corut and the parties from resolving this case on its merits. (Doc. 68 at 5.)

For these reasons, the Court **ORDERS** as follows:

1. The Findings and Recommendations (Doc. 68) are **ADOPTED** in full.

2. The motion to dismiss (Doc. 64) is **GRANTED**.

3. This matter is **DISMISSED** with prejudice for lack of prosecution and failure to comply with a court order.

4. The Clerk of the Court is **DIRECTED** to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated:    **January 30, 2026**

UNITED STATES DISTRICT JUDGE

4